**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| _ex rel._ **ALCHEMY ASSET** | ) | **CASE NO.:** |
| **SERVICES, INC.,** | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff-Relator, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **THE PROCTER & GAMBLE** | ) | |
| **COMPANY,** a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR FALSE PATENT MARKING AND JURY DEMAND

Plaintiff-Relator Alchemy Asset Services, Inc., by its undersigned counsel, files this Complaint for False Patent Marking against Defendant Procter & Gamble Company, stating as follows:

### _Nature of the Case_

1.      This is a _qui tam_ action for false marking in violation of 35 U.S.C. § 292.

2.      As set forth herein, Defendant Procter & Gamble Company marked, advertised and marketed various products (more specifically identified below) with expired patent numbers and/or marked, advertised and marketed such products as patent-protected in violation of 35 U.S.C § 292(b).

3.      Plaintiff-Relator Alchemy Asset Services, Inc. requests damages against Defendant equal to a fine in the amount of $500 for each instance of false marking. Pursuant to 35 U.S.C. § 292(b), one-half of the damage award shall be paid to the United States and one-half shall be paid to Plaintiff-Relator.

### *The Parties*

4.      Plaintiff-Relator is Alchemy Asset Services, Inc. ("Alchemy"), a Pennsylvania corporation.

5.      Defendant is Procter & Gamble Company ("P&G"), a Delaware corporation with a principal place of business at One Procter & Gamble Plaza, Cincinnati, Ohio 45202.  P&G regularly conducts business in the Western District of Pennsylvania, including, without limitation, the sale of the products at issue herein.

### *Jurisdiction and Venue*

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1355(a).

7.      Venue in this District is proper under 28 U.S.C. §§ 1391 and 1395. Defendant regularly advertises, markets and sells products in this district, including the products that are the subject of this Complaint.

### *False Marking*

8.      Defendant P&G markets hundreds of household goods and is generally regarded to be the world's largest consumer products/packaged goods company.

9.      P&G is a sophisticated company with many decades of experience applying for, prosecuting, securing, receiving assignment of, and litigating patents, and therefore knows that patents do not have unlimited duration, but rather have a limited duration.

10.     As set forth below, P&G has marked and advertises its products using the word "patent" (or variations thereon) and/or combinations of the word "patent" and a patent number, declaring and advertising that the product is patented under the laws of the United States, and has done so on and after the date on which such products were not patented or otherwise subject to patent protection, for purposes of deceiving the public, including deception in connection with the advertising, marketing, promotion, pricing and sale of such products.

11.     By reason of such conduct, therefore, P&G has "falsely marked" its products for purposes of deceiving the public in violation of 35 U.S.C. § 292(a).

## COUNT I – "ULTRA DOWNY" FABRIC SOFTENER

12.     Plaintiff-Relator incorporates paragraphs 1 through 11 as if repeated in their entirety.

13.     P&G sells and offers for sale a product called "Ultra Downy."

14.     P&G marks and advertises its "Ultra Downy" product and/or product packaging with the word "patent" and/or one or more patent numbers, including United States Patent Number 4,767,547 (the "'547 Patent") and 4,981,239 (the "'239 Patent").

15.     The '547 Patent issued on August 30, 1988.  Pursuant to the provisions of 35 U.S.C. § 154 governing the duration of United States patent protection then in effect, the '547 Patent would have expired on March 26, 2007.  Before that time, however, P&G disclaimed the portion of the term of the '547 Patent subsequent to April 28, 2004.  See Exhibit A.

16.     The '239 Patent issued on January 1, 1991.  Pursuant to 35 U.S.C. § 154, the '239 Patent expired on January 3, 2009.  Id.

17.     Despite the foregoing expirations, and in violation of 35 U.S.C. § 292(a), P&G has marked its product and/or product packaging with the word "patent" and/or the foregoing United States patent numbers on and after the date on which such patents expired, with intent to deceive the public.

## COUNT II – "FIXODENT"

18.     Plaintiff-Relator incorporates paragraphs 1 through 11 as if repeated in their entirety.

19.     P&G sells and offers for sale a product called "Fixodent."

20.     P&G marks and advertises its "Fixodent" product and/or product packaging with the word "patent" and/or one or more patent numbers, including United States Patent Number 5,073,604 (the "'604 Patent").

21.     The '604 Patent issued on December 17, 1991.  Pursuant to 35 U.S.C. § 154, the '604 Patent expired on March 5, 2010.  See Exhibit A.

22.     Despite the foregoing expiration, and in violation of 35 U.S.C. § 292(a), P&G has marked its product and/or product packaging with the word "patent" and/or the foregoing United States patent number on and after the date on which such patent expired, with intent to deceive the public.

## COUNT III – "ALWAYS MAXI"

23.     Plaintiff-Relator incorporates paragraphs 1 through 11 as if repeated in their entirety.

24.     P&G sells and offers for sale a product called "Always Maxi."

25.     P&G marks and advertises its "Always Maxi" product and/or product packaging with the word "patent" and/or one or more patent numbers, including United States Patent Number 4,950,264 (the "'264 Patent").

26.     The '264 Patent issued on August 21, 1990.  Pursuant to 35 U.S.C. § 154, the '264 Patent expired on January 4, 2009.  See Exhibit A.

27.     Despite the foregoing expiration, and in violation of 35 U.S.C. § 292(a), P&G has marked its product and/or product packaging with the word "patent" and/or the foregoing United States patent number on and after the date on which such patent expired, with intent to deceive the public.

## COUNT IV – "PUFFS" FACIAL TISSUES

28.     Plaintiff-Relator incorporates paragraphs 1 through 11 as if repeated in their entirety.

29.     P&G sells and offers for sale a product called "Puffs."

30.     P&G marks and advertises its "Puffs" product and/or product packaging with the word "patent" and/or one or more patent numbers, including United States Patent Number 5,059,282 (the "'282 Patent") and 5,073,235 (the "'235 Patent").

31.     The '282 Patent issued on October 22, 1991.  Pursuant to 35 U.S.C. § 154, the '282 Patent expired on February 21, 2010.  See Exhibit A.

32.      The '235 Patent issued on December 17, 1991. Pursuant to 35 U.S.C. § 154, the '282 Patent would have expired on April 12, 2010.  Before that time, however, P&G disclaimed the portion of the term of the '235 Patent subsequent to October 22, 2008.  Id.

33.      Despite the foregoing expirations, and in violation of 35 U.S.C. § 292(a), P&G has marked its product and/or product packaging with the word "patent" and/or the foregoing United States patent numbers on and after the date on which such patent expired and/or was disclaimed, with intent to deceive the public.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff-Relator requests this Honorable Court grant the following relief:

A.      Declare that P&G has violated 35 U.S.C. § 292;

B.      Require P&G to account for and enumerate the total number of units of each product identified herein that it falsely marked, in order to determine the civil monetary fine due the United States and Plaintiff-Relator;

C.      Fine P&G $500 for each unit of each such product falsely marked in violation of 35 U.S.C. § 292;

D.      Declare this case to be an exceptional case and award Plaintiff-Relator its costs and attorney's fees as allowed under 35 U.S.C. § 285; and

E.      Enter judgment in favor of the United States and Plaintiff-Relator and against P&G in the amounts determined above.

## DEMAND FOR JURY TRIAL

Plaintiff-Relator hereby demands a jury trial pursuant to Rule 38 of the Federal

Rules of Civil Procedure.

Respectfully submitted,

/s/  Scott M. Hare
Scott M. Hare, Esquire
Pa. I.D. No. 63818
1806 Frick Building
437 Grant Street
Pittsburgh, PA  15219

Tel:     412-338-8632

Scott@ScottLawPGH.com

/s/  Andrew M. Stone
Andrew M. Stone, Esquire
Pa. I.D. No. 35176
STONE LAW FIRM, LLC
1806 Frick Building
437 Grant Street
Pittsburgh, PA  15219

Tel:     412-391-2005

astone@stone-law-firm.com

Counsel for Plaintiff-Relator

Date:   May 12, 2010